FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
APR 20 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
APR 20 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALAN DEVON,<br><br>    Petitioner,<br><br>v.<br><br>KEN CLARK,<br><br>    Respondent. | No. CV 07-2405-TJH (AGR)<br><br>OPINION AND ORDER ON PETITION<br>FOR WRIT OF HABEAS CORPUS |

On April 11, 2007, petitioner Alan Devon, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.

I.

## BACKGROUND

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: *Alan Devon v. C.M. Harrison*, CV-04-06821 RGK (SGL) ("Devon I"). The records in Devon I indicate that on August 16, 2004, Petitioner filed a petition for writ of habeas corpus ("Petition") challenging his conviction for rape, robbery and first degree murder in Los Angeles Superior Court,

case number BA065141. On June 8, 2005, Judgment was entered denying the Petition on the merits and dismissing the action with prejudice.

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition when the petitioner did not first seek or obtain authorization to file it from the Court of Appeals. *Burton v. Stewart*, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.") (citation omitted).

Here, the Petition is a second or successive petition that challenges the same custody imposed by the same judgment of the state court. It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file this Petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 127 S. Ct. at 796-98.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

///

1 | dismiss the petition and direct the clerk to notify the petitioner." Here, summary
2 | dismissal is warranted.

### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: 4/18/07

TERRY J. HATTER
UNITED STATES DISTRICT JUDGE

Presented By:

DATED: April 13, 2007

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

3